UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| In re: | |
|---|---|
| Matthew Alan Jenkins,<br>f/d/b/a Shephard Service Company,<br><br>Debtor. | Case Number: 12-50413<br><br>Chapter 7 |

TRUSTEE'S MOTION FOR ORDER SETTING DATE FOR
CONTINUED MEETING OF CREDITORS

James T. Ward, Sr., the trustee (the "Trustee") in the above-referenced bankruptcy case, through counsel, hereby presents this *Trustee's Motion for Order Setting Date for Continued Meeting of Creditors* (the "Motion"), and in support thereof, respectfully represents as follows:

## BACKGROUND

1. The debtor (the "Debtor") filed his *pro se*, voluntary petition ("Petition") (D.E. 1) for relief pursuant to chapter 7 of the Bankruptcy Code on April 11, 2012 (the "Petition Date"), which case was assigned to the Trustee. The Debtor's Petition reflected a bare-bones filing.

2. In an email sent on April 17, 2012, the Debtor indicated that he had decided to dismiss his bankruptcy case. Exhibit A.

3. The Debtor had filed a *pro se*, bare-bones chapter 13 bankruptcy petition on February 8, 2010, initiating Case No. 10-50146, which case was dismissed when the Debtor failed to file his schedules and statement of financial affairs. In this case, the Court entered an Order on April 20, 2012, directing that the Debtor's case would not be dismissed for failure to file his schedules or statement of financial affairs or for a failure to attend the meeting of creditors required by 11 U.S.C. § 341.

4. On April 24, 2012, the Debtor filed his initial bankruptcy schedules and statement

of financial affairs (D.E. 33) (the "Bankruptcy Papers"). The Debtor amended his Bankruptcy Papers on April 30, 2012. (D.E. 45).

5. The meeting of creditors for the Debtor's case (the "Creditors' Meeting") was set for May 14, 2012. (D.E. 4). The Debtor attended that meeting and was sworn. At the Creditors' Meeting, the Debtor argued that his case should be dismissed because his means test calculation raised the presumption of abuse. The Trustee elected not to adjourn the Creditors' Meeting but rather explained to the Debtor that it would be continued.

6. On May 21, 2012, counsel for the Trustee sent the Debtor an email asking him to confirm his availability for the continued Creditors' Meeting on June 13, 2012, at 10:30 a.m. in Charlotte, North Carolina. On May 30, 2012, having received no response from the Debtor, counsel sent a follow-up email regarding the date and time for the continued Creditors' Meeting. That email correspondence is attached here as Exhibit B.

7. On May 30, 2012, the Bankruptcy Administrator filed a statement pursuant to 11 U.S.C. § 707(b)(2) indicating her determination that a motion to dismiss the Debtor's case was not appropriate notwithstanding that a presumption of abuse had arisen in this case. (D.E. 61).

8. On June 5, 2012, the Debtor's former litigation counsel, W. Andrew LeLiever ("LeLiever"), filed a motion to dismiss the Debtor's case on the grounds that the Debtor had "failed" the means test. *See* 11 U.S.C. § 707 (b)(2). (D.E. 73).

9. As of this date, the Debtor has not confirmed his availability for the continued Creditors' Meeting on June 13th, nor has the Debtor suggested an alternate date or time for the continued Creditors' Meeting or otherwise responded to counsel's emails regarding the continued Creditors' Meeting.

## RELIEF REQUESTED

10. The Trustee seeks an Order setting **June 27, 2012 at 1:00 p.m.** as the date for the continued Creditors' Meeting to take place at the offices of Grier, Furr & Crisp, PA, 101 North Tryon Street, Suite 1240, Charlotte, NC 28246. No previous request for this relief has been made.

## BASIS FOR RELIEF

11. Section 343 of the Bankruptcy Code states that "[t]he debtor shall appear and submit to an examination under oath at the meeting of creditors under section 341(a) of [the Bankruptcy Code]." 11 U.S.C. § 343. Rule 4002 of the Federal Rules of Bankruptcy Procedure proscribes that a debtor shall "attend and submit to an examination at the times ordered by the court." Fed. R. Bankr. P. 4002(a)(1). This Court is empowered with authority to effect these provisions in that bankruptcy judges may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]. 11 U.S.C. § 105(a).

## ARGUMENT

12. Based on communications from the Debtor and his testimony at the Creditors' Meeting, it appears that the Debtor would prefer that his case be dismissed. However, a debtor's voluntary bankruptcy filing does not entail an absolute right to dismiss the case once it has been filed. *In re Cochener*, 360 B.R. 542, 577 (Bankr. S.D.Tex. 2007).

13. The Bankruptcy Code and the case law are clear that a debtor's attendance at a creditors' meeting is mandatory and cannot be waived. § 363; *Cochener*, 360 B.R. at 575-76 (quoting *In re Keiser*, 204 B.R. 697, 700 (Bankr. W.D. Tex. 1996)). Indeed, the "primary purpose of a § 341 meeting is the examination of the debtor" so as to include an opportunity for the trustee to question the debtor "about possible recoveries"; thus "the debtor's presence at the §

3

341 meeting is not merely ceremonial, but instead plays a pivotal role in providing the creditors and the trustee with valuable information regarding the debtor's financial situation." *Id.* at 576 (quoting *In re Moore*, 309 B.R. 725, 726 (Bankr. N.D. Tex. 2002)).

14. Nor does LeLiever's motion to dismiss obviate the need for the continued Creditors' Meeting. *See id.* at 577-579. In the *Cochener* case, the debtor appeared for her initial meeting of creditors and then changed lawyers. *Id.* at 578. Less than a week before the debtor's continued meeting of creditors, her new attorney filed a motion to dismiss the debtor's case and instructed the debtor not to attend the continued creditors' meeting. *Id.* The court found that these tactics reeked of "bad faith." *Id.* Further, the *Cochener* court stated that the argument that the debtor was excused from performing her duties pending a ruling on the motion to dismiss was "nothing more than a disingenuous attempt to shield the debtor from further examination by the trustee in the hope that" her case would be dismissed. *Id.* at 575. If all that was required for a debtor to evade examination as to questionable transactions was a motion to dismiss, one of the fundamental requirements of the bankruptcy system—disclosure of the debtor's financial affairs including pre-petition transfers—would be eviscerated. *Id.* at 577.

15. Here, the Debtor's Bankruptcy Papers appear to be substantially incomplete, necessitating further examination. At the same time, the Debtor included among his personal property certain "unliquidated, contingent tort claims" and "unliquidated, contingent breach claims" against two lists of putative defendants. The Debtor's testimony is required in order for the Trustee to determine the viability of any such claims and whether they have value to the bankruptcy estate.

16. The Trustee has attempted to schedule a continuation date for the Creditors' Meeting but has been met with silence by the Debtor. The Court has entered an Order stating

that the Debtor's case is not to be dismissed for a failure to attend the Creditors' Meeting. Presumably, that Order extends to the Debtor's failure to attend the continued Creditors' Meeting.

17. For these reasons, the Trustee requests that the Court enter an Order setting June 27, 2012 at 1:00 p.m. as the date for the continued Creditors' Meeting to take place at the offices of Grier, Furr & Crisp, PA, 101 North Tryon Street, Suite 1240, Charlotte, NC 28246.

WHEREFORE, the Trustee prays that the Court will enter an Order setting June 27, 2012 at 1:00 p.m. as the date for the continued Creditors' Meeting to take place at the offices of Grier, Furr & Crisp, PA, 101 North Tryon Street, Suite 1240, Charlotte, NC 28246, and granting such further relief as is just and proper.

This is the 7th day of June, 2012.

/s/ A. Cotten Wright
A. Cotten Wright (State Bar No. 28162)
Grier Furr & Crisp, PA
101 North Tryon Street, Suite 1240
Charlotte, NC 28246
Phone: (704) 332-0207
Fax: (704) 332-0215
Email: cwright@grierlaw.com

*Attorneys for James T. Ward,
Chapter 7 Trustee*

5