FILED
U.S. Bankruptcy Court
Western District of NC

JUN 1 3 2012

Steven T. Salata, Clerk
Charlotte Division
CCH

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

In re:

Matthew Alan Jenkins,                    Case Number: 12-50413

f/d/b/a/ Shephard Service Company,       Chapter 7

Debtor.

## MOTION TO DISMISS DEBTOR'S CHAPTER 7 BANKRUPTCY PETITION

Debtor Matthew Alan Jenkins ("Debtor"), as a party in interest, moves to dismiss the Debtor's Chapter 7 Bankruptcy Petition pursuant to 11 U.S.C. 707(b)(1). Debtor respectfully offers the following in support thereof:

### BACKGROUND

1. On February 8, 2010, the Debtor, having recently been laid off from work and facing foreclosure, filed a voluntary petition ("Petition") for relief pursuant to Chapter 13 of the Bankruptcy Code in an attempt to modify his mortgage and to determine the identity of the actual holder of his note and mortgage. (No less than three (3) different lenders claimed ownership of the note and were demanding payment).

2. The Debtor's initial chapter 13 Petition reflected a bare-bones filing with no schedules. After beginning the filling out of Debtor's schedules, Debtor learned that he did not qualify for chapter 13 relief, as he had no regular source of income. After learning this, in the interest of judicial economy, the Debtor chose not to file any schedules as they would have become moot by virtue of Debtor's failing to qualify for chapter 13 relief anyway.

3. On March 3, 2010, the Honorable Judge J. Craig Whitley entered an order dismissing the Debtor's Chapter 13 petition, for failing to file his schedules while also making no finding of bad faith or abuse.

4. Prior to the filing of the Debtor's voluntary Chapter 7 petition on April 11, 2012, the Debtor was informed by the IRS that they were reversing an earlier decision originally issued in the Debtor's favor. This resulted in an enormous increase in the Debtor's tax bill.

5. In the mistaken belief that a Chapter 7 petition would wipe out his tax liability, the Debtor filed a voluntary petition (D.E.1) for relief pursuant to Chapter 7 of the Bankruptcy Code on April 11, 2012.

6. Upon learning of his error that a Chapter 7 petition would not discharge his IRS tax liability, the Debtor informed all parties involved that he wished to dismiss his petition. However, this Court issued an order on April 20, 2012, (D.E. 27) denying the Debtor a dismissal, despite his failure to file the required schedules.

7. The Debtor's initial Petition reflected a bare-bones filing. However, on April 24, 2012, the Debtor filed his initial bankruptcy schedules and statement of financial affairs, which indicated that the presumption of abuse had arisen under 11 U.S.C. §707(b)(2) (D.E.33) (the "Bankruptcy Papers").[1] (Counsel for the Trustee had already been notified that the Debtor's schedules would reveal the presumption of abuse prior to this date, having previously received a copy of Debtor's tax returns and proposed schedules.)

8. The Debtor is a party in interest.

9. The Debtor has incurred primarily consumer debts. (D.E.33)

10. On May 7, 2012, the Clerk of the Court filed the Clerks Notice of Presumed Abuse under 11 U.S.C. §707(b)(2) (D.E.53)

---

[1] The Debtor amended his Bankruptcy Papers on April 30, 2012 (D.E.45)

-2-

11. On May 30, 2012, the Bankruptcy Administrator filed the Bankruptcy Administrator's Statement under 11 U.S.C. §704(b)(2) indicating that the Debtor's filing was abusive. (D.E.61)

**ARGUMENT**

11 U.S.C. 707(b)(1):

> *After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or <u>any party in interest</u>, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter. And;*

11 U.S.C. 707(b)(2)(A)(i):

> *In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of—(I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,000, whichever is greater; or (II)$10,000.*

In 2005, Congress passed the Bankruptcy Abuse Prevention and Consumer Protection Act (the "BAPCPA") containing Section 707(b)(2), also known as the "means test" which automatically disqualifies those who fail it from filing for Chapter 7 relief. The means test is a mechanized test that provides a presumption of "abuse" if a debtor's disposable income over 60 months exceeds a threshold amount. This presumption is "an easily applied formula for determining when the court should presume that a debtor is abusing the system by filing a chapter 7 petition." *In re Fowler,* 349 B.R. 414, 420 (Bankr. D.Del.2006) (emphasis in original). It must be noted that "the presumption of abuse is just that, a presumption." *In re Lenton,* <u>358 B.R. 651</u>, 660 (Bankr.E.D.Pa. 2006). Presumptions are useful because they typically avoid litigation. *See Fowler,* 349 B.R. at 420.

-3-

The initial inquiry that a Bankruptcy Court must look into before granting a debtor chapter 7 relief is whether or not the debtor has passed the means test. If the debtor has not passed the means test then the petition must be dismissed. It is not discretionary, it is mandatory. **"The means test is useful because it <u>automatically disqualifies</u> from Chapter 7 those debtors who "fail" it…"** *In re Crink,* 402 B.R.159 (Bankr. M.D.N.C. 2009); *Calhoun v. US Trustee*, 650 F. 3d 338 (4th Cir. 2011).

In the case subjudice, it is undisputed that the Debtor has failed the means test.(D.E. 33) Therefore, as a matter of law, upon motion by any party in interest, the Debtor's Chapter 7 bankruptcy petition must be dismissed pursuant to 11 U.S.C. 707(b)(1). Failing to do so constitutes an "abuse" of the provisions of Chapter 7 of the Bankruptcy Code and is a misuse of the Court's resources.

**WHEREFORE,** Debtor prays that the Court enter an Order dismissing the Debtor's Chapter 7 case.

Dated: June 13 2012

_____
Matthew Alan Jenkins
116 Milbros Lane
Mooresville, NC 28117
email: shephard68@yahoo.com

UNITED STATES BANKRUPTCY COURT
Western District of North Carolina
Charlotte Division

In re:

    Matthew Alan Jenkins              Case No. 12-50413
    f/d/b/a Shephard Service Company

    Debtor,                              Chapter 7

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Debtors Motion to Dismiss was served on the following parties either by electronic service or U.S. mail, postage prepaid and addressed as follows:

U.S. Bankruptcy Administrator
*Via electronic service*

W. Andrew Leliever
5 W. Hargett Street, Suite 206
Raleigh, NC 27601

A. Cotton Wright
Grier Furr & Crisp PA
101 N. Tryon St. Suite 1240
Charlotte, NC 28246

James T. Ward Sr.
404 Bethel St.
PO Box 240
Clover, SC 29710

Caren Enloe
Morris, Manning&Martin,LLP
1000 Park Forty Plaza
Suite 350
Durham, NC 27713

Gregory P Chocklett
Law Offices of Gregory P Chocklett
711 Harvey St.
Raleigh, NC 27608

Jon Player
Hedrick, Gardner, et al. LLP
PO Box 30397
Charlotte NC 28230

This is the 13th day of June, 2012

/s/ Matthew Alan Jenkins
Matthew Alan Jenkins
116 Milbros Lane
Mooresville, NC 28117
Email: shephard68@yahoo.com

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

FILED
U.S. Bankruptcy Court
Western District of NC

JUN 13 2012

Steven T. Salata, Clerk
Charlotte Division
CCH

In re:

    Matthew Alan Jenkins,                Case Number: 12-50413

    f/d/b/a/ Shephard Service Company,    Chapter 7

    Debtor.

---

## NOTICE OF HEARING FOR THE
## MOTION TO DISMISS DEBTOR'S CHAPTER 7 BANKRUPTCY PETITION

---

**TAKE NOTICE** that on **WEDNESDAY, JUNE 27, 2012 at 9:30 A.M.** in the **Bankruptcy Courtroom in the United States Courthouse, 401 West Trade Street, Charlotte, North Carolina**, this Court will conduct a hearing on the *Motion to Dismiss Debtor's Chapter 7 Bankruptcy Petition* (the "Motion") filed on behalf of Matthew Alan Jenkins, an interested party, in this case. The Motion states that because the Debtor has failed the means test, the presumption of abuse has arisen, and the Debtor's Chapter 7 Bankruptcy petition must be dismissed as a matter of law. Matthew Alan Jenkins respectfully requests an Order dismissing Debtor's Chapter 7 bankruptcy petition.

Dated: June 13 2012

_[signature]_
Matthew Alan Jenkins
116 Milbros Lane
Mooresville, NC 28117
email: shephard68@yahoo.com

-1-

UNITED STATES BANKRUPTCY COURT
Western District of North Carolina
Charlotte Division

In re:

Matthew Alan Jenkins                    Case No. 12-50413
f/d/b/a Shephard Service Company

Debtor,                                 Chapter 7

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Hearing was served on the following parties either by electronic service or U.S. mail, postage prepaid and addressed as follows:

U.S. Bankruptcy Administrator
*Via electronic service*

W. Andrew Leliever
5 W. Hargett Street, Suite 206
Raleigh, NC 27601

A. Cotton Wright
Grier Furr & Crisp PA
101 N. Tryon St. Suite 1240
Charlotte, NC 28246

James T. Ward Sr.
404 Bethel St.
PO Box 240
Clover, SC 29710

Caren Enloe
Morris, Manning&Martin,LLP
1000 Park Forty Plaza
Suite 350
Durham, NC 27713

Gregory P Chocklett
Law Offices of Gregory P Chocklett
711 Harvey St.
Raleigh, NC 27608

Jon Player
Hedrick, Gardner, et al. LLP
PO Box 30397
Charlotte NC 28230

This is the 13th day of June, 2012

*/s/ Matthew Alan Jenkins*
Matthew Alan Jenkins
116 Milbros Lane
Mooresville, NC 28117
Email: shephard68@yahoo.com